IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| AMERICAN HEALTH UNDERWRITERS, INC. and JAMES H. CASHION, JR. d/b/a AMERICAN HEALTH UNDERWRITERS<br><br>Plaintiffs,<br>v.<br><br>GOLDEN RULE INSURANCE COMPANY,<br><br>Defendant. | § § § § § § § § § § § § § | No. 5:10cv199 |

## MEMORANDUM ORDER ADOPTING THE
## REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the magistrate judge containing her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiffs filed objections to the Report and Recommendation. Also before the Court are Defendant's response and Plaintiffs' reply.

The magistrate judge's Report recommends that this Court grant Defendant's motion to dismiss for nonjoinder. In their objections to the Report, Plaintiffs argue that the dismissal for nonjoinder is not appropriate because the Receiver is not a necessary party to the lawsuit. Rather, Plaintiffs argue, the Receiver is a joint tortfeasor that need not be joined. Plaintiffs also object to the magistrate judge's conclusion that the Circuit Court of Pulaski County, Arkansas (the "Receivership Court") has exclusive jurisdiction over the dispute. Finally, Plaintiffs object to the magistrate judge's conclusion that proceeding with the case in federal court may prejudice the Receiver.

The Court conducted a *de novo* review of the magistrate judge's findings and conclusions. The magistrate judge's report states that the Receivership Court has exclusive jurisdiction with respect to all matters relating to an insurance receivership. Because Plaintiffs' claims arise out of the Receiver's actions during the Receivership Proceedings, the magistrate judge stated that the Receivership Court has exclusive jurisdiction over Plaintiffs' claims against the Receiver. Thus the Receiver cannot be joined in this action.

After finding that joinder is not feasible in this case, the magistrate judge turned to Federal Rule of Civil Procedure 19, which requires the Court to determine whether the action should proceed with the existing parties or be dismissed. *See* Fed. R. Civ. P. 19(b)(1). Under Rule 19, the Court must consider the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*See id.* The magistrate judge's report adequately describes the potential for prejudice against the Receiver if the case were to continue in this Court. *See* Doc. No. 57 at 5.

Additionally, Plaintiffs have not presented any reason why this action could not have been raised as part of the receivership proceedings. And, as the magistrate judge stated, if this action is

dismissed for nonjoinder, Plaintiffs can still raise their claims in the Receivership Court. *See id.*

Accordingly, Plaintiffs' objections are without merit. The Court is of the opinion that the findings and conclusions of the magistrate judge are correct. Therefore, the Court hereby adopts the Report of the United States magistrate judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Second Amended Complaint (Dkt. No. 38) is **GRANTED**. It is further

**ORDERED** that the above-entitled and numbered cause of action is **DISMISSED**.

**It is SO ORDERED.**

**SIGNED this 31st day of August, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE